# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1240V
Filed: October 13, 2017
UNPUBLISHED

| | |
|---|---|
| WILLIAM MOORE,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs;<br>Reasonable Basis |

*John Robert Howie, Jr.*, Howie Law, PC, Dallas, TX, for petitioner.
*Douglas Ross*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On September 30, 2016, petitioner filed a petition for compensation ("Petition") under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barre Syndrome ("GBS") which was caused-in-fact by his October 3, 2013 influenza ("flu") vaccination. On March 17, 2017, the undersigned issued an Order Concluding Proceedings in this matter pursuant to Vaccine Rule 21(a) following petitioner's Notice of Voluntary Dismissal. (ECF No. 13.)

  On April 3, 2017, petitioner filed an application for attorneys' fees and costs. (ECF No. 14.) Petitioner requests attorneys' fees in the amount of $9,847.00 and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $900.70.  (*Id.* at 1.)  In compliance with General Order No. 9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $10,747.70.  **For the reasons discussed below, the undersigned awards petitioner the full amount of attorneys' fees and costs requested, $10,747.70.**

## I. Procedural History

Petitioner filed his Petition on September 30, 2016 approximately three days before he believed the statute of limitations might expire and foreclose his ability to bring a claim under the Vaccine Act.[3]  Petitioner indicated in his Petition that counsel was in the process of obtaining petitioner's medical records and anticipated filing a complete set of records within sixty days.  (*See* Petition at 1, n1, ECF No. 1.) Thereafter, petitioner sought and was granted three unopposed enlargements of time to file medical records in support of his claim.  On March 16, 2017 petitioner filed his vaccination record (evidencing that he received an influenza vaccine on October 3, 2013) and a Notice of Voluntary Dismissal of his vaccine claim. (ECF Nos. 11-12.)  The undersigned issued an Order Concluding Proceedings on March 17, 2017.  (ECF No. 13.)

Petitioner filed his application for attorneys' fees and costs on April 3, 2017. (ECF No. 14.)  On April 14, 2017, respondent filed a response arguing that petitioner failed to file sufficient evidence in order to establish whether there was a reasonable basis for this claim as the only record filed was petitioner's vaccination record. (ECF No. 15.)  On June 28, 2017, the undersigned ordered petitioner's counsel to file records evidencing his alleged vaccine related injury.  (ECF No. 16.)[4]

On June 28, 2017, petitioner filed five exhibits comprising nearly 2900 pages of petitioner's medical records. (*See* Exhibits 2-6, ECF Nos. 17-22.)  Additionally on June 29, 2017, petitioner filed a memorandum designated Additional Evidence in Support of Petitioner's Application for Fees and Costs ("Memorandum").  (ECF No. 23.)  In support

---

[3] In relevant part, the Vaccine Act provides that "[i]n the case of"

> a vaccine set forth in the Vaccine Injury Table which is administered after October 1, 1988, if a vaccine-related injury occurred as a result of the administration of such vaccine, no petition may be filed for compensation under the Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury . . . .

§ 16(a)(2).  Petitioner received the flu vaccination at issue in this claim on October 3, 2013.  (*See* Exhibit 1, ECF No. 11).

[4] The undersigned noted in her June 28, 2017 Order that "petitioner's fee application and supporting documents indicate that petitioner's counsel collected and reviewed petitioner's medical records, including records regarding petitioner's alleged vaccine injury, GBS, prior to moving for a voluntary dismissal of petitioner's claim." (ECF No. 16).

2

of his Memorandum petitioner filed 27 accompanying exhibits. (ECF Nos. 23-25.) On July 3, 2017, the undersigned ordered respondent to file a response to petitioner's Memorandum, and medical records, indicating whether respondent continues to maintain petitioner failed to file sufficient evidence in support of his claim. (ECF No. 26.)

On August 4, 2017, respondent filed a response to petitioner's Memorandum. (ECF No. 27.) Respondent indicates that "[w]ith petitioner's June 28 and 29, 2017 submissions of additional evidence, petitioner has now provided evidence that the Chief Special Master may evaluate to determine whether petitioner has established a reasonable basis for his petition." (*Id.* at 3.) Respondent further indicates that "[a]ssuming the Chief Special Master finds a reasonable basis exists for petitioner's claim respondent respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 4.)

Petitioner filed a reply on August 10, 2017 indicating that he stands on his initial Application and Memorandum and does not intend to file any further reply. (ECF No. 28.) Accordingly, petitioner's Application for Fees and Costs is ripe for ruling.

## II.  Applicable Law and Analysis

### A.  Requirements of Good Faith and Reasonable Basis

Under the Vaccine Act, an award of reasonable attorneys' fees and costs is mandatory where a petitioner is awarded compensation. But where compensation was not awarded, as in this case, the special master must first determine whether the petition was brought in good faith and if the claim had a reasonable basis. § 15(e)(1).

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Without evidence of bad faith, "[p]etitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as the petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma,* 1993 WL 496981, at *1); *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, the record supports the supposition that petitioner brought the claim in a sincere belief that the flu vaccine caused his GBS. (*See e.g.,* Petition, ECF No. 1.)

Regarding the reasonable basis requirement, it is incumbent on the petitioner to "affirmatively demonstrate a reasonable basis," which is an objective inquiry. *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 305 (2011); *Di Roma,* 1993 WL 496981, at *1. The special master examines "the feasibility of the claim," as determined by factors such as "the factual basis [and] the medical support." *Di Roma,* 1993 WL 496981, at *1. This "totality of the circumstances" approach allows the special master to

3

look at each application for attorneys' fees and costs on a case-by-case basis. *See Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2008 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Jan. 9, 2008).

Unlike the good faith inquiry, reasonable basis requires more than just petitioner's belief in his claim. *See Turner*, 2007 WL 4410030, at *6. Instead, the claim must at least be supported by medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, No. 14-804, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015) (citing *Chronister v. Sec'y of Health & Human Servs.*, No. 89-41V, 1990 WL 293438, at *1 (Fed. Cl. Spec. Mstr. Dec. 4, 1990)). The court expects the attorney to make a pre-filing inquiry into the claim to ensure that it has a reasonable basis. *See Turner,* 2007 WL 4410030, at *7. That expectation may be lessened, however, by the circumstances, and "special masters have historically been quite generous in finding reasonable basis for petitions." *Turpin v. Sec'y of Health & Human Servs.*, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); *see Turner,* 2007 WL 4410030, at *8.

It is established that claims filed on the eve of the expiration of the Vaccine Act's statute of limitations are subject to a more lenient standard when determining if reasonable basis exists. *Hamrick*, 2008 WL 4793152, at *5 (noting this "long recognized" proposition). Petitioner's counsel in these cases often do not have the time needed to properly research a claim prior to filing the petition.[5]

However, this greater latitude should not be interpreted to allow for a finding of reasonable basis for every claim filed in this manner.[6] Petitioner's counsel still is required to perform due diligence, given the available evidence and amount of time prior to the running of the statute of limitations.[7] Additionally, even if reasonable basis exists

---

[5] *See McNett v. Sec'y of Health & Human Servs.*, No. 99-684V, 2011 WL 760314, at *8 (Fed. Cl. Spec. Mstr. Feb. 4, 2011) (finding a review of the billing records showed petitioner's counsel "had no time to request medical records, let alone any time to review [them]"); *Hamrick*, 2008 WL 4793125, at *6 (emphasizing respondent's failure "to recognize that the looming statute of limitations prevented a thorough examination of the case"); *Turner*, 2007 WL 4410030, at *6 (finding a claim filed on the eve of the running of the statute of limitations "may be supported by less information than would be expected if counsel had more time to conduct a pre-filing investigation of the factual underpinnings and the medical basis for a vaccine claim").

[6] "A looming statute of limitations does not forever absolve a petitioner from his or her obligation to proceed with a reasonable basis to support his claim, at least not if the petitioner hopes to recover any fees and costs." *Chuisano*, 116 Fed. Cl. 276, 287 (2014). "[T]he statute of limitations is a factor that may affect the reasonable basis analysis in appropriate circumstances." *Id.*

[7] *See Simmons v. Sec'y of Health & Human Servs.*, 128 Fed. Cl. 579 (2016) *appeal docketed*, No. 17-1405 (Fed. Cir. Dec. 23, 2016) (The special master erred in finding reasonable basis existed even when the petition was filed on the eve of the expiration of the statute of limitations. Although petitioner disappeared until the day before the petition was filed, he initially contacted petitioner's counsel more than 2 years prior to the expiration of the statute of limitations.); *Silva v. Sec'y of Health & Human Servs.*,

at the time the petition is filed, it "may later come into question if new evidence becomes available or the lack of supporting evidence becomes apparent." *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 288 (2014) (citing *Perriera v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (affirming the special master's finding that reasonable basis existed until the evidentiary hearing)); *Hamrick*, 2007 WL 4793152, at * 4 (observing that "[p]etitioner's counsel must review periodically the evidence supporting petitioner's claim").

In the instant claim petitioner's first contact with his attorneys in regard to this matter was on September 2, 2016. (ECF No. 23 at 2).[8] Petitioner indicated he received an influenza vaccination in October 2013 and was diagnosed with GBS in November 2013. Petitioner's counsel quickly followed-up with petitioner in light of the impending statute of limitations. (*Id.*) Petitioner signed a contact with counsel on September 20, 2016, and counsel immediately began the process of requesting petitioner's medical records. (*Id.* at 3.) That same date petitioner's counsel obtained a medical record verifying petitioner received a flu vaccination on October 3, 2013. (*Id.*) However, it was necessary for counsel to file a Petition on behalf of petitioner before receiving petitioner's records and concluding counsel's investigation of the claim to preserve petitioner's claim. (*Id.*) A Petition was filed on September 30, 2016, three days before the expiration of the statute of limitations. (*Id.*) The undersigned finds a reasonable basis existed at that time for counsel to file the claim based upon petitioner's allegations, petitioner's vaccination record, and the impending statute of limitations.

Petitioner's counsel received the first set of petitioner's medical records from Dr. Cardiello on approximately November 29, 2016. (*Id.* at 4.) These records provided both support and concerns in regard to the viability of petitioner's claim. (*Id.* at 5.)[9] The records confirmed petitioner reported the onset of symptoms that are consistent with GBS on November 12, 2013 and that at some point within six months subsequent to petitioner's vaccination he was diagnosed with GBS. (*Id.* citing Exhibit 2 at 17-19.) However, the records also indicated petitioner experienced symptoms consistent with GBS six months prior to his October 3, 2013 flu vaccination. (*Id.* citing Exhibit 2 at 76.) The undersigned finds at that point a reasonable basis existed to proceed with the claim.

On November 30, 2017, petitioner's counsel received over 6000 pages of medical records from Bayonne Medical Center. (*Id.*)[10] The records were completely

---

No. 10-101V, 2012 WL 2890452, at *13 (Fed. Cl. Spec. Mstr. June 22, 2012), *aff'd* 108 Fed. Cl. 401 (2012) (finding "[t]he attorneys essentially did not investigate [petitioner's] case properly before filing it").

[8] The undersigned is generally omitting internal citations within petitioner's Memorandum and citing only to the Memorandum itself. However, the undersigned notes petitioner's Memorandum is supported by petitioner's counsel's affidavit and 26 additional exhibits which the undersigned has reviewed and finds persuasive.

[9] These records were ultimately filed as Exhibit 2 on June 28, 2017. (ECF No. 17.)

[10] These records were ultimately filed as Exhibits 4-6 on June 28, 2017. (ECF Nos. 18-22.)

disorganized and would require substantial time to organize and review.  (*Id.* at 5-6.)  Additionally, in December 2016 petitioner obtained an additional 466 pages of medical records to review from Alaris Health.  (*Id.* at 6.)[11]  After considerable time spent organizing and reviewing petitioner's medical records, petitioner's attorneys determined that it was likely unreasonable to proceed with the claim by February 2017. (*Id.* at 6-7.)  Thereafter, subsequent to discussing the strengths and weaknesses of the case at length with petitioner on approximately February 10, 2017, counsel determined petitioner's records should be re-reviewed to ensure no argument could be made on behalf of petitioner. (*Id.* at 7.)  Petitioner's counsel made a final review of the records, and on March 7, 2017 notified petitioner that he could not proceed with the claim.  (*Id.* at 8.)  On March 10, 2017, petitioner agreed to dismiss his claim and counsel filed a Notice of Voluntary Dismissal on March 16, 2017.  (*Id.*)

Although petitioner's claim was dismissed, the undersigned believes there was a reasonable basis when filed.  Moreover, once it became apparent that petitioner's claim could not be supported by the medical records or an expert, petitioner moved for a decision within a reasonable time-frame.

## B. Evaluation of Requested Attorneys' Fees and Costs

Attorneys' fees in the Vaccine Program are calculated using the lodestar method, which involves multiplying a reasonable hourly rate by a reasonable number of billed hours.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008).  An attorney representing a petitioner in the Program is paid the forum rate unless the bulk of the work was performed in a locale other than the forum (i.e., District of Columbia), and the local rate is very significantly lower than the forum rate.  *Id.* at 1349.  If these two requirements are met, the *Davis* exception applies, and the attorney is paid according to the local rate.  *Id.* (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

The requirement that only reasonable amounts be awarded applies to costs as well as fees.  *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991).  They may look to their experience and judgement to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483-84 (1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

---

[11] These records were ultimately filed as Exhibit 3 on June 28, 2017. (ECF No. 17.)

Petitioners "bear[] the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n.1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983).

The undersigned has reviewed the billing records submitted with petitioner's application. In the undersigned's experience, the application appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $10,747.70[12] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, John Robert Howie, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[13]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[12] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[13] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.